NATIONAL RAILROAD PASSENGER
CORPORATION, Petitioner,

v.

The STATE OF DELAWARE et
al., Respondents.

Civ. A. No. 77–374.

United States District Court,
D. Delaware.

Dec. 1, 1977.

Richard S. Gebelein, of Wilson & Whittington, P.A., Wilmington, Del., for petitioner.

Aubrey B. Lank, of Theisen, Lank, Mulford & Goldberg, Wilmington, Del., for the State of Delaware.

Robert K. Payson and James F. Burnett, of Potter, Anderson & Corroon, Wilmington, Del., for Manor Real Estate.

Thomas G. Hughes, of O'Donnell & Hughes, Wilmington, Del., for Consolidated Rail Corporation.

OPINION

STEEL, Senior District Judge:

Before the Court is the State of Delaware's motion to remand condemnation proceedings to the state court after they had been removed to this Court.

The State of Delaware, by the Secretary of the Department of Highways and Transportation, brought condemnation proceedings in the Superior Court of the State of Delaware under 17 Del.C. §§ 132(c)(4), 173, 175 (1974) and 29 Del.C. § 8406(1)a. (1974), against Manor Real Estate Company and Consolidated Rail Corporation as defendants,[1] as well as against "Unknown Owners" as required by 10 Del.C. § 6105(c) (1974). Although not originally named a defendant, National Railroad Passenger

---

1. General Waterworks Corporation and Delmarva Power & Light Company also were named defendants, but after removal they were dismissed by stipulation.

Corporation ("Amtrak") filed an appearance in the state court[2] and petitioned to remove the case to this Court. Thereafter the State of Delaware filed its motion to remand under 28 U.S.C. § 1447(c) (1970). The defendants Manor Real Estate Company and Consolidated Rail Corporation supported the motion.

The motion to remand presents the question whether the proceedings were "removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c) (1970).

Paragraph 11 of the complaint states that "there may be others, having or claiming some interest in the property to be taken who are unknown to the Plaintiff and who have not been ascertained by the Plaintiff after diligent inquiry. They are made Defendants in this action under the designation 'Unknown Owners.'" Amtrak claims that the United States, although not named as a defendant, nonetheless has that status, and indeed is a necessary party, since it has an interest in the property sought to be condemned by virtue of the fact that it holds a mortgage on the property under the Railroad Revitalization and Regulatory Reform Act, 45 U.S.C.A. § 854(a) (Supp.1977), for the purpose of effectuating the policies of that Act. Amtrak argues that the fact that the United States is a party makes the proceedings removable under either 28 U.S.C. §§ 2410(a) and 1444 (1970) or 28 U.S.C. § 1441 (1970).[3]

Section 2410(a) provides in part that: "[t]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter— . . . to condemn . . . real or personal property on which the United States has or claims a mortgage or other lien."

This statute on its face merely waives the United States' immunity from suit. It does not purport to confer jurisdiction upon the federal district court. See Kent v. Northern Cal. Regional Office of the Am. Friends Serv. Comm., 497 F.2d 1325, 1327–28 (9th Cir. 1974); Haggard v. Lancaster, 320 F.Supp. 1252, 1254 (N.D.Miss.1970); 1A Moore's Federal Practice ¶ 0.166, at 358 (2d ed. 1977).

■ Amtrak argues, however, that section 2410(a) provides a basis for federal court jurisdiction when it is read in conjunction with section 1444. The latter provides:

"Any action brought under section 2410 of this title against the United States in any State court may be removed *by the United States* to the district court of the United States for the district and division in which the action is pending." (emphasis added).

It may be conceded, arguendo, that the United States by reason of its position as a mortgagee under the Railroad Revitalization and Regulatory Reform Act is a defendant under the category of "Unknown Owners" and that section 1444 confers on the federal court subject matter jurisdiction over section 2410 proceedings. See Hood v. United States, 256 F.2d 522, 525–26 (9th Cir. 1958); 1A Moore's Federal Practice ¶ 0.166, at 360–61 (2d ed. 1977). Nonetheless, section 1444 by its terms authorizes a removal only *by the United States.* The section confers no authority upon Amtrak to file the removal petition.

■ Amtrak's alternative argument is that the proceedings are removable under 28 U.S.C. § 1441(c) (1970).[4] It claims that because the United States has a mortgage

---

**2.** This is not shown of record but was agreed to at oral argument.

**3.** The petition alleged only section 1441 as a basis for removal but during the argument counsel for Amtrak made it clear that sections 2410(a) and 1444 were also relied upon.

**4.** Under section 1441, all of the defendants must consent to removal unless the petitioning defendant can show that his claim or cause of

action is "separate and independent" from the rest of the case under section 1441(c). *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman Local 349,* 427 F.2d 325 (5th Cir. 1970); *Gratz v. Murchison,* 130 F.Supp. 709 (D.Del.1955); *see Chicago, Rock Island & P. Ry. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); 1A Moore's Federal Practice ¶ 0.168[3.–2], at 447 (2d ed. 1976). Since the two remaining defendants, Manor Real Estate

interest in the property pursuant to the policies of the Railroad Revitalization and Regulatory Reform Act, it has a claim arising under the laws of the United States and as a consequence this Court has original jurisdiction under 28 U.S.C. § 1331(a) (1970). The basis for federal question removal jurisdiction must appear on the face of the complaint, without reference to any statement supplied in the petition for removal. *Gully v. First Nat'l Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed.2d 70 (1936); *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339 (3d Cir. 1974). Because the claimed basis for jurisdiction appears only in the petition for removal and does not appear in the state court complaint, it cannot confer jurisdiction over the proceedings in this Court. Since this Court does not have original jurisdiction over the matter, there is no need to consider the further question whether the United States' interest creates a "separate and independent claim or cause of action" under section 1441(c).[5]

The proceedings will be remanded to the Delaware Superior Court.

Company and Consolidated Rail Corporation, have opposed Amtrak's removal of this case, the basis for removal under section 1441, if it exists at all, must be subsection (c).

5. See the preceding footnote.