**Felipa POLANCO, Petitioner,**

v.

**21 ARDEN REALTY CORP., Harry Greenbaum, and Department of Housing Preservation and Development of the City of New York, Respondents.**

**No. 90 Civ. 4630 (KTD).**

United States District Court, S.D. New York.

Nov. 1, 1990.

Adele Bartlett, of counsel to Francis J. Clark, Director, Harlem Legal Services, Inc., New York City, for petitioner.

Ronald D. Hariri & Associates, New York City, for respondents.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff Felipa Polanco, a seventy-four year old widow, originally commenced this action against defendants 21 Arden Realty Corporation ("21 Arden Realty"), Harry Greenbaum, and the New York City Department of Housing Preservation and Development ("DHPD"), seeking to compel repairs of certain conditions existing in Polanco's apartment as a result of fire, rendering the apartment uninhabitable. The Civil Court entered an order on January 23, 1990, enforcing a stipulated promise by Greenbaum, as 21 Arden Realty's agent, to repair the premises. Subsequently, the order was ignored and, by Order to Show Cause, Polanco brought on a motion for contempt of court on June 11, 1990. The hearing was adjourned until July 13, 1990. Greenbaum was thereafter declared in default for failure to answer or respond to the contempt proceeding. Greenbaum had 21 Arden Realty commence proceedings in

the Bankruptcy Court, claiming that the requisite repairs were done and that the repairs had drastically affected 21 Arden Realty's finances. Greenbaum has removed the state proceedings to this court, claiming federal jurisdiction, by virtue of the bankruptcy petition and diversity of citizenship. Polanco now moves to remand the case back to the state court.

## FACTS

Greenbaum, the registered managing agent, and apparently the beneficial owner, of the apartment house involved here, claims diversity of citizenship in seeking removal of the state proceeding. In addition, having filed a petition in the Bankruptcy Court, Greenbaum seeks a·stay of the contempt proceedings or, in the alternative, requests that I entertain the state issues in the interim. Meanwhile, Polanco, a seventy-four year old indigent widow, has continuously sought to obtain repairs in her fire-damaged uninhabitable apartment for nearly two years.

At the same time as Greenbaum and 21 Arden Realty were asserting in the state courts an absolute refusal to make the requisite repairs to Polanco's dwelling unit, statements were filed in the Bankruptcy Court, alleging substantial expense was incurred in making the very same repairs. The Bankruptcy petition was dismissed on August 13, 1990. Therefore, the sole application presently pending before this court is whether the action for contempt of the orders of the New York City Civil Court should be remanded.

## DISCUSSION

■ In order to find jurisdiction in this court over a case started in state court, there must be a proper removal of the action and a federal question, or complete diversity and an amount in controversy in excess of $50,000. The action must be removed within a short period of time. Specifically, 28 U.S.C. § 1446(b) requires that a petition for removal be made within thirty days of service of the initial pleadings. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). In complete disregard to the mandates of the rule, the removal was not filed until July 12, 1990, seven months after proceedings were commenced.

■ Additionally, it is axiomatic that all defendants in a diversity action must agree on removal and, upon obtaining consent, all must be named in the case's caption, regardless that a defendant is nominal. *See R.I.P.R. Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). Greenbaum omitted the DHPD as a defendant and no explanation was offered for that omission. Just because Greenbaum suggests now that the DHPD is merely a nominal party is of no moment. The facts belie that assertion because the DHPD appeared in the action and engaged in motion practice before the Civil Court. Yet, Greenbaum and his counsel knew that if the DHPD were included in the caption, lack of diversity of citizenship would be apparent. To delete the DHPD as a party to this action, as Greenbaum does here in order to claim diversity, constitutes a gross misrepresentation of the truth for which sanctions are warranted.[1]

■ Greenbaum avers that the bankruptcy petition, filed on July 1, 1990, stayed the state proceeding, including any motions arising therefrom for contempt. I disagree. In order to find jurisdiction based on 28 U.S.C. § 1334, I must find that the proceeding is related to the bankruptcy proceeding. To be found a related proceeding, the outcome of the proceeding sought to be removed must have an effect on the estate which is the subject of the bankruptcy petition. 28 U.S.C. § 1334 (1988); *In re Consulting Actuarial Partners, Ltd. Ptn.*, 72 B.R. 821 (Bkrtcy.S.D.N.Y.1987). Here, Polanco withdrew her contempt proceed-

---

1. All signatories of frivolous motions are subject to sanctions under Rule 11. Once the motion is ruled frivolous, the District Court is constrained to assess proper sanctions. *See Investors Insurance Co. of America v. Dorinco Reinsurance Co.,* 917 F.2d 100, 106 (2d Cir.1990) (Rule 11 sanctions are appropriately assessed when motions, pleadings, or other papers are offered or filed for frivolous and improper purposes).

ings against 21 Arden Realty in response to the bankruptcy stay because she did not want her action stayed.

The action sought to be removed is a contempt proceeding against Greenbaum individually; he is a non-debtor and co-respondent. The outcome of this could have no effect whatsoever on the (now dismissed) bankruptcy proceeding of the corporate respondent, 21 Arden Realty. As such, I fail to see how the bankruptcy of the corporate defendant can have any impact, staying the instant action.[2] In any event the bankruptcy petition has been dismissed. Here, there is no diversity jurisdiction and no federal question jurisdiction.

■ Removal statutes are to be strictly construed against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Failure to comply with the time limitations for removal consistent with 28 U.S.C. § 1446 constitutes improper removal, requiring remand. *Universal Motors Group of Cos. v. Wilkerson,* 674 F.Supp. 1108 (S.D.N.Y.1987). The filing of notice of removal was totally without basis in fact or in law and, in addition to warranting remand, constitutes sanctionable conduct under Fed.R.Civ.P. 11 ("Rule 11"). Both Greenbaum and his then attorney, Michael Kane Esq., signed that document and are subject to the mandates of Rule 11.

On October 3, 1990, after Polanco moved to remand this case, Greenbaum's present attorney, Ronald D. Hariri, Esq., filed a memorandum in opposition to Polanco's motion for dismissal and remand, which is rife with half-truths, untruths, and frivolous arguments, the least of which is that an amount in controversy exceeding $10,-000 is sufficient to justify diversity jurisdiction in this court. Such an argument ignores the 1988 amendments to the statutes which require that an excess of $50,000 in damages be involved. Furthermore, Hariri fails to discuss why the requisites for diversity, as aforementioned, were conveniently disregarded, namely, that the DHPD was omitted from the caption. This flagrant disregard for the law must be met with harsh punishment, since in making the response to the instant motion, Hariri was well aware of the total frivolity of the removal. Hariri further asserts that there were only two respondents to the 1989 Civil Court action, Greenbaum and 21 Arden Realty and that Greenbaum never appeared in the action. The document that Hariri annexes to his submissions, apparently to show that Greenbaum was thus not a party, was an Order to Show Cause drawn up and filed by Greenbaum to vacate a default against him in the very same matter. While it is true that Greenbaum never timely appeared, he eventually appeared. As far as I can tell, this Order to Show Cause was an appearance by Greenbaum, whom Hariri nevertheless asserts did not appear in this action.

Thus, I find that the entire memorandum submitted by Hariri is a total sham. All of the signatories to the removal and/or response to Harlem Legal Service's motion to remand have toyed with the justice system with the manifest hope of delaying all proceedings. As this entire matter is a disgrace to the bar, it is incumbent upon me to quell any further delays for justice delayed truly has proven here to be justice denied. Apparently the dilatory tactics used here have been devised in order to force the aged, indigent widow Polanco permanently out of her rent-controlled apartment. The law permits some delays, but lies and the filing of sham and frivolous papers merely to obtain unwarranted delays are beyond the pale. Unfortunately, such tactics reflect negatively on the

---

2. In the removal petition, respondents assert that removal is necessary "... to avoid a situation in a State Court where 11 U.S.C. § 362 ... [is] violated and disregarded." 11 U.S.C. § 362 provides for an automatic stay of proceedings against a party who has filed a petition in bankruptcy under Title 11. In the proceeding sought to be removed, the court and counsel were notified that a bankruptcy petition had been filed by one of the respondents, 21 Arden Realty. In response to that notice, and in recognition of the stay provisions of 11 U.S.C. § 362, Polanco withdrew her request for an order finding the respondent, 21 Arden Realty, in civil contempt of the Court's January 23, 1990 order. Since no relief is being sought against the debtor, there has been no violation of the automatic stay provision.

entire profession and assessment of monetary sanctions against these lawyers may be insufficient to redress the harm to society that they have already caused.

For the foregoing reasons, this case is remanded immediately to the Civil Court of the City of New York, County of New York. There will be no delay in the remand which is a *non-appealable* order. Greenbaum and Michael Kane, Esq., Greenbaum's former counsel, who both were signatories to the original removal, as well as Hariri, signatory to the response to this motion, are hereby sanctioned pursuant to Rule 11, with each to pay the amount of $5,000 to the Treasurer of the United States. Since the removal was costly to the petitioner and her counsel, fees are hereby assessed pursuant to 28 U.S.C. § 1447(c) against Kane and Greenbaum in the total amount of $2,500 payable to the Harlem Legal Services Corporation, for wrongful removal of this case. Any appeal from the sanctions imposed by this order can proceed even though jurisdiction over the underlying case is vested again in the Civil Court of the City of New York.

Copies of this Memorandum and Order are being sent to the Disciplinary Committees of this court, the Appellate Division, First and Second Departments, and to the United States District Court for the Eastern District of New York.

Polanco is hereby directed to submit judgment in the amount of the aforementioned sanctions, costs and attorney's fees to this court on five days notice within ten days of the date of this order.

SO ORDERED.