**John F.R. SMILGIN, III, Jack Reese, James Grissen, Individually and d/b/a Jack Reese Associates**

v.

**NEW YORK LIFE INSURANCE COMPANY and William J. Booher.**

Civ. A. No. G–94–197.

United States District Court, S.D. Texas, Galveston Division.

June 7, 1994.

Robert G. Taylor, II, Taylor & Cire, Houston, TX, for John F.R. Smilgin, III, Jack Reese and James Grissen, Individually and d/b/a Jack Reese Associates.

Alfred John Harper, II, Nancy Lynne Patterson, and Teri L. Danish, Fulbright & Jaworski, Houston, TX, for New York Life Ins. Co.

Walter T. Weathers, Jr., Houston, TX, for William J. Booher.

## ORDER DENYING REMAND

KENT, District Judge.

Plaintiffs Reese and Grissen brought this action in state court for breach of contract against Defendant New York Life. These Plaintiffs allege that New York Life breached an agreement to sell insurance to the Plaintiffs' clients, and therefore New York Life owes them certain commissions and costs. Additionally, the Plaintiffs seek a declaration that Defendant Booher is not entitled to share their recovery of these commissions based on any alleged agreement between the Plaintiffs and Booher. Finally, Plaintiff Smilgin asserts his rights as an assignee of a portion of the other Plaintiffs' claims.

New York Life removed this action based on diversity of citizenship. Although there is no diversity between New York Life and Plaintiff Smilgin, and Defendant Booher did not join the removal, New York Life argues that the status of these parties should be ignored for purposes of removal. The Plaintiffs counter that their status commands remand. Finding the New York Life's arguments more persuasive, Plaintiffs' motion to remand is **DENIED.**

### Lack of Joinder

Generally, of course, all defendants are required to join in a notice of removal. *Chicago, Rock Island, & Pacific Ry. Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir.1990). However, federal law determines who is a plaintiff and who is a defendant for purposes of applying the removal statute, and the Court may realign the parties according to their real interests before deciding whether a true "defendant" is petitioning for removal. *Chicago, Rock Island, & Pacific Ry. Co. v. Stude*, 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954). In determining the proper alignment of the parties, a federal court must look to the "principal purpose of the suit" and the "primary and controlling matter in dispute." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 (1941) (internal quotes and citations omitted). In other words, the Court must determine the Plaintiffs' "principal purpose for filing its suit." *Zurn Indus. v. Acton Constr. Co.*, 847 F.2d 234, 237 (5th Cir.1988).

Clearly, the principal question in this suit is whether New York Life owes commissions and costs to the Plaintiffs. The Plaintiffs' declaratory claims against Booher are entirely separate and distinct in terms of the legal and factual issues and, conversely, Booher's ability to recover on his alleged claims is entirely dependent on the Plaintiffs' right to recovery against New York Life. Therefore, Booher's and the Plaintiffs' interest in

**466**

the primary thrust of this lawsuit are the same. Booher wants the Plaintiffs to be entitled to a recovery, so that he can share in it. As a practical matter, then, Booher should not be considered a "defendant" for the purpose of joinder in removal, but rather should be considered an intervening (albeit unwillingly) Plaintiff. Therefore, Defendant New York Life was not required to obtain Booher's joinder prior to removal.

### The Non–Diverse Plaintiff

Defendant New York Life and Plaintiff Smilgin are both residents of New York. Again, generally, this fact would destroy the basis for diversity removal. Again, there is an exception applicable to this case, where the only interest of the allegedly non-diverse Plaintiff is a partial assignment of the co-Plaintiffs' cause of action.

■ A federal district court has "both the authority and the responsibility, under 28 U.S.C. §§ 1332 and 1441, to examine the motives underlying a partial assignment which destroys diversity and to disregard the assignment in determining jurisdiction if it be found to have been made principally to defeat removal." *Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir.1990). This determination is a simple question of fact. *Id.* at 186. The *Grassi* court found that the district court, in denying a motion to remand for lack of diversity, properly disregarded the citizenship of a "partial-assignment" plaintiff where (1) the assigned interest was only 2%; (2) the plaintiff had had no interest in the litigation prior to assignment; (3) both assigned and "real" plaintiffs shared the same attorney; (4) the assignment occurred shortly before suit was filed; (5) the assignment essentially represented a contingency fee for collection work, which could have been effectuated without an assignment; and (6) there was a strong likelihood of local prejudice against the defendant. *Id.*

■ These facts are almost identical to those of the case at bar. The "real" Plaintiffs assigned Smilgin only 1% of their claim. The assignment occurred only four days prior to the filing of suit, and Smilgin had no interest in the litigation prior to that time. All Plaintiffs are represented by the same counsel. The Plaintiffs only vaguely assert that they made the assignment "in an effort to help defray financial costs," as "Smilgin will provide Reese and Grissen various financial and tax services in connection with [their] continuing efforts to sell [the policies at issue]." Of course, this arrangement could have as easily been made by way of a contingency fee agreement. Finally, because 99% of this action remains owned by local residents, the substance of this action remains that of in-state Plaintiffs against an out-of-state Defendant, creating precisely the danger of local prejudice which the diversity removal provisions are designed to protect against. *Id.* at 185. Therefore, the Court finds that the "real" Plaintiffs made the assignment to Smilgin solely for the purpose of defeating removal jurisdiction, and that Smilgin's interest is too inconsequential for this assignment to have that effect. Accordingly, Smilgin's citizenship should be ignored in the jurisdictional equation, and consequently complete diversity attains.

\* \* \* \* \* \*

For these reasons, the Plaintiffs' motion to remand is **DENIED**. If the parties can present to the Court compelling and relevant new evidence or legal authority affecting this issue, which they could not through the exercise of due diligence have presented on original submission of this motion, the parties are, of course, invited to bring these to the Court's attention. Otherwise, the parties are further **ORDERED** to file no further pleadings on this issue in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

IT IS SO ORDERED.