Chris MEHNEY–EGAN, Plaintiff,

v.

Antonio MENDOZA, Jr., Larry Kersten and City of Rose City, Defendants.

and

Antonio Mendoza, Jr., Plaintiff,

v.

Chris Mehney–Egan, Larry Kersten, Bob Barber, Jeffrey Erickson, Fred McKinnon, Patricia Ann Hebert, Patricia Katria Allard, Rosolin Russell, Glen's Market of Rose City, Glen's Market or Corp. Hqt. of Gaylord, Ogemaw Sheriff's Dept., Ogemaw County, Rose City, Defendants.

No. 00–CV–10209–BC.

United States District Court, E.D. Michigan, Southern Division.

Jan. 3, 2001.

Daniel J. Cline, Julia A. Davison, Currie, Kendall, Midland, MI, John E. Gannon, Currie, Kendall, Saginaw, MI, for Plaintiff.

Antonio Mendoza, Jackson, MI, Paul E. Pedersen, Pedersen, Keenan, Farmington Hills, MI, H. William Reising, Plunkett & Cooney, Flint, MI, for Defendants.

### ORDER REMANDING CASE TO OGE-MAW COUNTY, MICHIGAN CIRCUIT COURT AND AWARDING COSTS

LAWSON, District Judge.

On November 30, 2000 this Court filed a memorandum opinion and order holding that this matter shall be remanded to the Ogemaw County, Michigan Circuit Court and finding that an award of costs to plaintiff under 28 U.S.C. § 1447(c) was appropriate. Because plaintiff had not provided any information on costs incurred, the Court directed the plaintiff to furnish evidence of her "just costs and actual expenses, including attorney fees" within seven days.

On December 6, 2000, plaintiff filed a petition for attorney fees in which she requested $11,245.50 based on 73.7 hours of attorney-billed time allegedly incurred in researching, drafting, reviewing and revising the motion to remand, supporting brief and reply brief, and reviewing defendant's brief in opposition.

■ In response, defendant, City of Rose City, contends that 52.5 hours spent on the initial motion and brief, eight hours spent reviewing defendant's seven-page response brief, and ten hours spent on plaintiff's five-page reply brief, were excessive. This Court agrees.

In the November 30, 2000 memorandum opinion and order, this Court referred to *General Electric Capital Auto Lease, Inc. v. Mires,* 788 F.Supp. 948, 951 (E.D.Mich. 1992), in which the Court observed that cases rejecting attorney fees cite novel questions of law that have not otherwise been fully addressed. This Court found that the motion to remand did not present a "close case" and that the issues raised, with one exception, were based on elemental principles of federal jurisdiction. The one issue that was unsettled-whether a "cross-defendant" may file a removal petition where a federal question arises for the first time in a cross-complaint-was initially presented by the defendant. The plaintiff's task in presenting the jurisdictional questions to this Court was basic and uncomplicated.

■ The Court's directive to the plaintiff to present evidence of her just costs and expenses was not an invitation to indulge in overreaching. Rather, the statutory prescription to award "just" costs incorporates the concept of reasonableness in assessing a claim for attorney fees. The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its burden, the fee petitioner must "submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (deciding fee petition under 42 U.S.C. § 1988). "The most useful starting point for determining the amount of a

reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* *See also Adcock–Ladd v. Secretary of Treasury,* 227 F.3d 343, 349 (6th Cir.2000). Courts should exclude hours that are not reasonably expended. *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933. Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary. *Id.* "A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." Mich. R. Prof'l Conduct (MRPC) 1.5.

■ After determining the number of hours reasonably expended, the court must examine whether the requested hourly rate is reasonable. *Adcock–Ladd,* 227 F.3d at 349. Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). This determination is made, in turn, by assessing the experience and skill of the prevailing party's attorneys and comparing their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Id.* at 895 n. 11, 104 S.Ct. 1541. *See also* MRPC 1.5.[1]

The materials presently before the Court on which the fee petition can be measured are plaintiff's motion papers and a statement of time expended on the remand motion. Plaintiff has presented nothing more. Neither the reason for expending the extraordinary amount of time as claimed on this motion nor the basis for the hourly rate requested is readily apparent from the record.

It is inconceivable to this Court, in fact, that any reasonable lawyer or team of lawyers—other than those engaged in a training exercise—could amass the volume of hours that plaintiff's counsel claims to have devoted to this motion. It appears that plaintiff has attempted to avoid the evils of moderation by presenting a glutton's plate.

Based on the information before the Court, including the motion papers filed in support of the motion to remand and the Court's familiarity with the customary hourly rates prevailing in the Eastern District of Michigan, the Court determines that a reasonable fee for the effort amounts to ten hours at the hourly rate of $150.

Accordingly, it is **ORDERED** that this matter is **REMANDED** to the Ogemaw County, Michigan Circuit Court.

It is further **ORDERED** that defendant, City of Rose City, shall pay to the plaintiff the sum of $1,500.00 as just costs and expenses pursuant to 28 U.S.C. § 1447(c).

---

1. MRPC 1.5 states: "The factors to be considered in determining the reasonableness of a fee include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent."