**Anna K. DUNSON–TAYLOR, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, et al., Defendants.**

No. C–3–01–043.

United States District Court,
S.D. Ohio,
Western Division.

April 24, 2001.

---

Worrell Reid, Dayton, OH, for Plaintiff.

David Eberly, Bryce Lenox, Cincinnati, OH, for Defendants.

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR REMAND (DOC. # 2); PLAINTIFF ORDERED TO SHOW CAUSE, WITHIN TWENTY (20) DAYS FROM DATE, AS TO WHY OHIO REV. CODE § 1339.63 IS NOT PREEMPTED BY ERISA, IN ACCORDANCE WITH EGELHOFF v. EGELHOFF, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001); DEFENDANT IS GRANTED FOURTEEN (14) DAYS TO RESPOND TO PLAINTIFF'S SUBMISSION

RICE, Chief Judge.

The instant litigation arises out of the failure of Defendant Metropolitan Life Insurance Company ("MetLife") to pay approximately $30,000 in life insurance benefits to Plaintiff Anna K. Dunson–Taylor ("Dunson–Taylor"). According to Plaintiff's Complaint (Doc. # 1), Robert E. Taylor, Jr., Plaintiff's husband, now deceased, had a life insurance policy with MetLife, and he had paid all premiums due and payable. Following Mr. Taylor's death,[1] his wife (Plaintiff) contacted MetLife to inform the company that he had died. In addition, MetLife was informed that Mr. Taylor had divorced his first wife, Defendant Beverly Taylor ("Taylor"), on October 25, 1988. MetLife paid the life insurance benefits to Ms. Taylor, the ex-wife, who accepted them and no longer has funds to reimburse MetLife.

On January 16, 2001, Ms. Dunson–Taylor, as executrix of the estate of her deceased husband, brought suit in the Montgomery County Court of Common Pleas against MetLife and Beverly Taylor. She alleged that MetLife breached its insurance contract and breached its duty to handle an insurance claim in good faith by refusing to honor her claim for insurance proceeds. Plaintiff further alleges that MetLife has refused to provide her with a copy of the contract of insurance, despite her requests for same, thus breaching its duty to act in good faith. In addition, Plaintiff alleges the Taylor has converted the $30,000 in life insurance benefits, which rightfully belong to Plaintiff.

On January 29, 2001, MetLife removed the litigation to this Court, alleging that the Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, because the life insurance policy at issue is governed by the Employee Retirement Income Security Act ("ERISA"). Specifically, MetLife asserts that Plaintiff has brought a claim for benefits, within the meaning of 29 U.S.C. § 1132.

Pending before the Court is Plaintiff's Motion for Remand (Doc. # 2). For the reasons assigned, Plaintiff's Motion is OVERRULED.

In her Motion, Plaintiff argues that removal of this action to this Court was improper on two grounds. *First*, she contends that the removal was defective, because not all defendants (*i.e.*, Taylor) have joined in the removal. *Second*, she argues that she has pled only state law claims. She states that her claims are based on Ohio Rev.Code § 1339.63, which provides that a decree of divorce or dissolution op-

---

1. Mr. Taylor died on August 12, 1999.

erates as an automatic revocation of the ex-spouse as a beneficiary. Thus, she argues, her claims are based on Ohio law, and that MetLife, at most, has a federal defense, which does not support removal. As a means of analysis, the Court will first set forth the standard applicable to motions for remand, and then turn to the parties' specific arguments.

 The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). This is no less true where, as here, it is the defendant, rather than the plaintiff, who seeks the federal forum. *E.g., Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir.1996). When the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims. *Amen v. City of Dearborn*, 532 F.2d 554, 560 (6th Cir.1976). The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir.1993). The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990) (citations omitted). The court may consider such evidence without turning the motion into one for summary judgment. *Id.*

 *First,* Plaintiff asserts that remand is required, because Beverly Taylor did not join in or consent to the removal. Section 1446(a) of 28 U.S.C. requires that "[a] defendant or defendants desiring to remove any civil action ... shall file ... a notice of removal." Despite the ambiguity of the term "defendant or defendants," it is well established that removal generally requires unanimity among the defendants.[2] *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3rd Cir.1995), citing *Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 247, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)("[I]f a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one...."). As stated by the Sixth Circuit: "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 n. 3 (6th Cir.1999).

In its Notice of Removal, MetLife indicates states: "At the time of filing, co-defendant, Beverly Taylor, has not been served with the Montgomery County Complaint. Therefore, MetLife need not obtain consent from Ms. Taylor to perfect removal." (Doc. # 1 ¶ 6) In its memorandum in opposition to Plaintiff's Motion for Remand, MetLife has provided an affidavit from its counsel, Mr. Bryce Lenox, in which Mr. Lenox substantiates the allegation that Taylor has not been properly served. In his affidavit, Mr. Lenox states

---

**2.** Where a separate and independent claim that would be removable if sued upon alone is joined with an otherwise non-removable claim, the defendants to that separate claim may remove the entire action, and the district court may exercise its discretion to remand all matters not within its original jurisdiction. 28 U.S.C. § 1441(c); *Andrews v. Electric Motor Sys., Inc.,* 767 F.Supp. 853, 854 (S.D.Ohio 1991)(Rice, J.). Neither Plaintiff nor MetLife has asserted that a separate and independent claim exists herein. Thus, the Court will not address this issue.

that, on January 26, 2001, he had received a telephone call from a Beverly J. Taylor, who indicated that she had been served with Summon and Complaint in this litigation on January 24, 2001 (Lenox Aff. ¶3, ¶7). During their conversation, Ms. Taylor indicated that she had never been married to Robert E. Taylor, Jr.; that her husband was Claude Taylor; and that she was unfamiliar with the facts and circumstances alleged in Plaintiff's Complaint (*id.* ¶4). Thus, Defendant's evidence indicates that the Beverly Taylor at issue in this litigation was not served on January 24, 2001, but, rather, that an unrelated third-party with the same name had been inadvertently served. Plaintiff has provided no evidence to the contrary. Accordingly, the undisputed evidence indicates that Defendant Taylor had not been served prior to removal of this litigation to this Court. Thus, Taylor need not have joined in or consented to the removal by MetLife.[3] Defendant's Notice of Removal is not defective, on the ground that it failed to comply with 28 U.S.C. § 1446. Plaintiff's first ground for remand is OVERRULED.

 *Second,* Plaintiff contends that this Court lacks subject matter jurisdiction over her claims, because they are not completely preempted by ERISA. Plaintiff argues that she has stated only state law claims, and that no federal claim appears on the face of the Complaint. Federal preemption of state law comes in two flavors: conflict preemption and complete preemption. Conflict preemption arises where compliance with both federal and state law is a physically impossible, or "where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941); *Silkwood v.*

*Kerr–McGee Corp.,* 464 U.S. 238, 248, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984); *see Warner v. Ford Motor Co.,* 46 F.3d 531, 533 (6th Cir.1995)(en banc)(discussing difference between conflict and complete preemption). In contrast, "[i]f Congress evidences an intent to occupy a given field, any state law falling within that field is [completely] preempted." *Pacific Gas & Elec. Co. v. State Energy Resources Conserv. & Dev. Comm'n,* 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983).

 In determining whether a court has federal subject matter jurisdiction, the court ordinarily begins by examining the plaintiff's well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The "well-pleaded complaint rule" provides that "the plaintiff is the master of the complaint, that [for removal to be proper] a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Warner,* 46 F.3d at 533. If the plaintiff's claim arises under state law, the mere assertion of federal preemption as a defensive argument will not confer federal question subject matter jurisdiction. As stated by the Supreme Court in *Metropolitan Life Ins. Co. v. Taylor,*

Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this se-

---

**3.** To date, there is no indication on the docket sheet that the correct Beverly Taylor has been

served.

lect group of claims is necessarily federal in character. *Id.* at 63–64. The Supreme Court has found that Congress intended to make causes of action within the scope of 29 U.S.C. § 1132(a)(1)(B), which allows plan participants or beneficiaries to bring a civil action to recover benefits due to him under the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan, removable to federal court under the doctrine of complete preemption. *Id.* at 66. The Sixth Circuit has recognized that actions brought under §§ 1132(a)(2) and (3) are also removable. *Smith v. Provident Bank,* 170 F.3d 609 (6th Cir.1999). However, causes of action which raise conflict preemption are not removable.

> The [Supreme] Court specifically stated "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." *Metropolitan Life,* at 54, 107 S.Ct. at 1547. Section 1144 falls precisely into this category. It allows ERISA to preempt state laws when they "relate to" matters governed by ERISA but does not create a federal cause of action for matters which only "relate to" ERISA's field of concern. Thus, § 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a consequence, no removal jurisdiction exists under § 1144.

*Warner,* 46 F.3d at 534. Accordingly, this Court must determine whether Plaintiff has raised claims within the scope of Section 1132(a), which are completely preempted, or whether Defendants' arguments are merely assertions of conflict preemption, which cannot form the basis for removal.

In her Complaint, Plaintiff alleges that, at all times material to this lawsuit, MetLife provided life insurance to Robert E. Taylor, Jr., under the General Motors benefits program (Compl.¶ 4), a statement which implies that the life insurance policy is an ERISA plan.[4] In its Notice of Removal (Doc. # 1), and again in its opposition memorandum (Doc. # 5), MetLife asserts that Mr. Taylor's life insurance policy "is clearly governed by ERISA." Plaintiff does *not* dispute this allegation in her Motion for Remand. Thus, Plaintiff appears to concede that Mr. Taylor's life insurance policy was provided under an ERISA plan and, therefore, is governed by ERISA. Consequently, Plaintiff's claims, although couched in terms of state law, are claims for benefits under Mr. Taylor's life insurance policy. Accordingly, they fall within the scope of § 1132(a)(1)(B), and are completely preempted by ERISA.

Plaintiff's argument that her claims are based on Ohio Rev.Code § 1339.63 does not alter this result. The threshold inquiry raised by Plaintiff's Motion is the nature of her claims. Although Plaintiff has argued that she is entitled to the life insurance proceeds, due to the effect of § 1339.63, the essence of her claims remains one for benefits under an life insurance plan, which was provided pursuant to an employer benefit program. Thus, although Plaintiff relies upon a state law, her claims fall within the scope of § 1132(a)(1)(B). In addition, although MetLife argues in its Opposition Memorandum that the Ohio statute at issue is preempted by ERISA (an argument which implicates conflict preemption, as opposed to complete preemption), Defendant does not base its removal of this lawsuit on that argument. Thus, Defendant's removal is not based on a federal defense.

4. Plaintiff does not expressly allege that the benefits program was covered by ERISA.

For the foregoing reasons, Plaintiff's Motion for Remand (Doc. # 2) is OVERRULED.

Whether Plaintiff is, in fact, the proper beneficiary of her husband's life insurance policy, pursuant to Ohio Rev.Code § 1339.69, and whether that statute is preempted under ERISA, pursuant to 29 U.S.C. § 1144, are issues going to the merits of Plaintiff's case, and, therefore, would not usually be addressed by the Court in ruling upon a motion for remand. However, the Court notes that the Supreme Court recently held in *Egelhoff v. Egelhoff*, 532 U.S. 141, 121 S.Ct. 1322, 1328–29, 149 L.Ed.2d 264 (2001), that a Washington statute, which provided for automatic revocation, upon divorce, of any designation of a spouse as beneficiary of a nonprobate asset, was preempted, as it applied to ERISA benefit plans, as a state law that "related to" ERISA plans (conflict preemption). The Supreme Court further stated that benefits are to be paid in accordance with the plan documents. *Id.; see also Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126 (6th Cir.1996)(holding that former wife was entitled to life insurance benefits, because the state statute regarding designation of beneficiaries was preempted by ERISA and the plan administrator must look to the plan documents to determine the designated beneficiary).

In light of the Supreme Court's recent decision and existing Sixth Circuit authority, which appears to govern the issues herein, Plaintiff is hereby ORDERED to SHOW CAUSE, within twenty (20) days from date, as to why Ohio Rev.Code § 1339.63 is not preempted by ERISA, in accordance with *Egelhoff, supra.* Defendant is granted fourteen (14) days to respond to Plaintiff's submission.