**CONCERNED CITIZENS OF CARO, Plaintiff,**

v.

**MICHIGAN ETHANOL, L.L.C., and Village of Caro, Defendants.**

**No. 05–10100–BC.**

United States District Court, E.D. Michigan, Northern Division.

Oct. 26, 2005.

Mark T. Mahlberg, Maturen, Mahlberg, Saginaw, MI, for Plaintiff.

James R. Abbey, S. Perry Thomas, Jr., Abbey, Abbey, Caro, MI, John A. Chasnis, Chasnis, Dogger, (Saginaw), Saginaw, MI, James L. Dyer, Johnson, Rosati, (Lansing), Lansing, MI, for Defendants.

## OPINION AND ORDER DENYING MOTION FOR PARTIAL REMAND AND COSTS AND REMANDING ENTIRE ACTION TO TUSCOLA COUNTY, MICHIGAN CIRCUIT COURT

LAWSON, District Judge.

This case is before the Court on the motion by defendant Village of Caro for a "partial remand and costs." The case was removed by co-defendant Michigan Ethanol, L.L.C. from a Michigan state court because the plaintiff included a federal claim among the counts. Under federal law, defendants in civil actions may remove cases—not individual claims—to federal court from state court under certain conditions. One condition is that all parties defendant join in the removal notice. There is no unanimity in the removal here,

so although the Village of Caro's motion for "partial remand" must be denied for lack of merit, this Court will remand the entire action to state court because of the failure of all defendants to join in the removal within the time permitted.

## I.

The plaintiff filed an amended complaint in the Tuscola County, Michigan circuit court on March 4, 2005. According to that pleading, the plaintiff, Concerned Citizens of Caro, is "an association of owners of real estate south of and adjacent or in close proximity to an ethanol producing plant located in Caro Industrial Park[.]" Amended Compl. ¶ 1. The ethanol producing plant is owned by defendant Michigan Ethanol, L.L.C. The defendant Village of Caro, it is alleged, re-zoned the property on which the ethanol plant sits industrial. The plaintiff contends that the re-zoning, which took place on May 8, 2001 and again in September of 2001, did not provide the public with adequate notice and was otherwise deficient because the resulting plan did not conform to applicable zoning ordinances "relating to landscaping, lighting, buffering, noise and other considerations[.]" Amended Compl. ¶¶ 5–7. The plaintiff alleges that defendant Michigan Ethanol's plant constitutes a public and private nuisance and its operations are a trespass on the plaintiff's properties. Amended Compl. ¶ 8. The plaintiff also alleges that Michigan Ethanol is liable under the Clean Air Act, 42 U.S.C. § 7401 et seq.

On April 18, 2005, defendant Michigan Ethanol filed a substitute notice of removal (its first attempt was stricken) because the plaintiff's amended complaint stated a cause of action arising under federal law. Michigan Ethanol did not seek the joinder of the defendant Village. Nor did the defendant Village file any paper stating it wished to join in the notice of removal. The Court sent its standing order in removal cases to Michigan Ethanol seeking an explanation, and in response Michigan Ethanol stated:

> The Village of Caro and Michigan Ethanol are joint defendants in this litigation. Michigan Ethanol was not originally a defendant, but was only added recently.
>
> . . . . .
>
> In specific response to why the Defendant Village of Caro did not join in the removal action, the Defendant Village of Caro had previously answered and responded in the litigation. No claim based on federal law was asserted against the Village of Caro. The sole basis for the removal is that Plaintiff asserts a claim under the Federal Clean Air Act ... against Michigan Ethanol, while no such claim is asserted against the Village of Caro. Michigan Ethanol did not request or inquire of Defendant Village whether they wished to join in the petition for removal or willing to consent to the petition for removal because Michigan Ethanol was aware (as a result of contact between counsel for Michigan Ethanol and counsel for the Village of Caro) that the Village of Caro was proceeding forward in state court with its litigation with the Plaintiff and that no federal claim existed in the original Complaint.

Def. Mich. Ethanol, L.L.C. Resp. Standing Order of Removal at 2–3.

On May 20, 2005, the defendant Village filed a motion for partial remand and for costs claiming that the parties had entered into a stipulation before the plaintiff amended its complaint to add Michigan Ethanol to sever the claims against it from all other defendants. Apparently, the state trial judge approved the stipulation, which allowed the plaintiff to proceed separately in its lawsuit against the Village

and Michigan Ethanol. On May 20, 2005, the plaintiff filed a response in opposition to the motion for partial remand. The Court heard the arguments of the parties in open court on October 25, 2005.

## II.

 Defendants in state court may remove to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). The question of whether an action is removable under this Court's federal question jurisdiction is determined by looking at the face of a properly pleaded complaint. *Roddy v. Grand Trunk Western R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005). This "well-pleaded" complaint rule requires a federal court to examine "allegations of the complaint and ignore potential defenses" for the purposes of assessing whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Ibid.* (citations and quotation marks omitted). The removing party has the burden of proving federal jurisdiction over a suit filed in state court. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir.2000). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Brown v. Francis*, 75 F.3d 860, 864–65 (3rd Cir.1996). The Court looks to the complaint at the time of removal to ascertain whether removal was proper. *Roddy,* 395 F.3d at 322.

 The procedure for removal is governed by 28 U.S.C. § 1446, which states that a "defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." The Sixth Circuit, as well as all other circuits to have considered the question, have construed section 1446 to require unanimity among defendants seeking to remove an action. *See Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 516 (6th Cir.2003) (noting that "a rule of unanimity ... has been derived from the statutory language prescribing the procedure for removing a state action to federal court"); *see also Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900) (holding that Congress intended to require that all defendants unite in a removal petition to federal court). This rule of unanimity requires "that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Ibid.* (citations and quotation marks omitted). Unless all defendants "join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable ... the opportunity for removal under Section 1446" is foreclosed. *Ibid.*

 In this case, the removing party's co-defendant, the Village of Caro, not only did not join in the removal notice, it actively opposes removal and seeks a remand, at least of its portion of the case. The Village claims that partial remand is authorized because the parties entered into a stipulation that the claims against it would be severed from the claims against other defendants. The plaintiff believes that removal was proper because the Court has

supplemental jurisdiction over state law claims that arise out of a common nucleus of operative fact. However, the defendant Village offers little support for its argument that the Court has the power to issue a "partial remand." The statutory provision governing remand provides:

> A motion to remand *the case* on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case* shall be remanded.

28 U.S.C. § 1447(c) (emphasis added). This statute is phrased in terms of "the case," and makes no provision for remanding individual claims in such circumstances. The Sixth Circuit has explained that Congress was well aware of the difference between "claims" and "actions" when fashioning jurisdictional statutes. *Jones Bey v. Johnson,* 407 F.3d 801, 806 (6th Cir.2005) (referring to the Prison Litigation Reform Act and stating that "Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits"). There is no textual support for the remand of individual *claims.*

■ The defendant Village argues that in effect the state court created two lawsuits when it approved the parties' stipulation to sever claims. However, there is only one case with a single caption and case number. But one case was removed to this Court. The manner in which the state court chooses to administer the lawsuit or divide the claims for separate trials or other adjudicative treatment cannot turn one lawsuit into two for the purpose of the removal statute and the review of jurisdiction that must occur in every federal civil action. The Court concludes, therefore, that although the Village's motion for partial remand lacks merit, the entire matter was improperly removed and the *case* must be remanded to state court.

■ The defendant Village has also requested an award of costs and attorney fees against the plaintiff pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of costs is discretionary with the Court and often turns on whether the removal lacked merit. *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir.1993). In such circumstances, however, costs generally are sought against the removing party. The Village contends that it was the plaintiff that has caused it difficulty by refusing to consent to the Village's motion to remand certain claims to state court. However, Court believes the plaintiff's refusal was reasonable, particularly in light of the Court's determination that the Village's motion lacks merit.

Nonetheless, the Village may seek costs against co-defendant and removing party Michigan Ethanol if it wishes under the authority of section 1447(c) because the removal procedure plainly was not followed. To do so, the Village should file an appropriate motion and document its claim for costs in accordance with the procedures described in *Mehney–Egan v. Mendoza,* 130 F.Supp.2d 884, 886 (E.D.Mich. 2001) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (holding that a fee claimant must "submit evidence supporting the hours worked and rates claimed")).

### III.

The Court finds that the motion by defendant Village of Caro for a partial remand lacks merit because there is no authority for the Court to remand individual

claims. However, since the removal of the entire case was improper, the case will be remanded in its entirety to state court. The Village's motion for costs against the plaintiff will be denied, but the Village will be given time to seek costs against co-defendant Michigan Ethanol, L.L.C. if it desires.

Accordingly, it is **ORDERED** that the motion by defendant Village of Caro for partial remand and costs [dkt. # 8] is **DE-NIED.**

It is further **ORDERED** that this case is **REMANDED** in its entirety to the Tuscola County (Michigan) Circuit Court for further proceedings.

It is further **ORDERED** that the Village's request for attorney fees and expenses under 28 U.S.C. § 1447(c) against the plaintiff is **DENIED.**

It is further **ORDERED** that the Village mat seek attorney fees and expenses against co-defendant Michigan Ethanol, L.L.C. by filing an appropriate motion on or before **November 9, 2005.**