Joyce E. ROBINSON, Plaintiff-Appellant,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., Defendant-Appellee.

No. 80–5902
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 26, 1982.

---

Joyce E. Robinson, pro se.

Stuzin & Camner, P.A., Lee C. Schmachtenberg, Marks, Aronvitz & Leinoff, Tod Aronvitz, Miami, Fla., for defendant-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

CLARK, Circuit Judge:

This is an appeal from an involuntary dismissal without prejudice by the district court for failure to state a cause of action. We reverse.

Mrs. Robinson is a disabled sixty-one-year-old widow who has four young grandchildren and a pregnant daughter as dependents. She alleges that she was unable to find an attorney to take her case, so she has been forced to appear *pro se* before both this court and the court below. Though her complaint was understandably inelegant, it seems the following events transpired. For purposes of the issue before us, we accept Mrs. Robinson's statement of the facts as true. Mrs. Robinson bought a house at 2755 Northwest 208th Terrace, in Miami, Florida during 1971. This home contained numerous structural defects. Mrs. Robinson and her family had to contend with a plumbing system that pumped raw sewage through the shower, walls that fell down, and an electrical system that would frequently give members of her family shocks. Understandably, she sought to rectify this situation.

After many dealings with various federal agencies and mortgage companies over the next seven years, Mrs. Robinson's house was sold to the Federal National Mortgage Association for $100 on February 23, 1979 and the United States government allegedly redeemed the property in her behalf on March 6, 1979.[1] The mortgage association thereafter proceeded to evict Mrs. Robinson from the house. Papers to that effect were served on her on April 25, 1979. Mrs. Robinson, her family, and all her belongings were removed from the house on May 7, 1979. She showed papers detailing her story to the officials sent to evict her and she alleges that they agreed that the property had been redeemed for her. Nevertheless, they threw her belongings into the street where they were damaged. She filed this suit against the Federal National Mortgage Association. We note that the facts outlined above are probably only a rough approximation of what took place. We also note that the eviction of Mrs. Robinson *may* have been entirely legal.

The appellee contends that since the dismissal below was without prejudice, this court lacks jurisdiction to hear Mrs. Robinson's appeal. We note that the argument presented by the appellee was one page in length and came without any supporting citations. Because of its brevity, we will simply reproduce it rather than summarize the argument.

## SUMMARY OF ARGUMENT

Plaintiff-Appellant's appeal is inappropriate. The order of dismissal entered by the district court dismissed Plaintiff-Appellant's complaint without prejudice therefore such order is neither interlocu-

---

1. We are uncertain precisely what is meant by this. In any event, Mrs. Robinson claims to have papers which document this transaction.

tory nor final and provides Plaintiff-Appellant with other relief.

## ARGUMENT

Plaintiff-Appellant has failed to comply with the rules of appellate procedure and her appeal should be dismissed. On September 18, 1980 in the United States District Court, Southern District of Florida, an order was entered dismissing the complaint of Plaintiff-Appellant (Page 61 of the Record). Said order was based upon Plaintiff-Appellant's failure to state a cause of action under the laws or the Constitution of the United States. Said order was without prejudice to Plaintiff-Appellant, thereby providing Plaintiff-Appellant with another opportunity to file her action by properly stating her cause of action.

FRAP Rule 4 provides for an appeal to be taken from a district court to a court of appeals. Such a right is permitted by law upon the issuance of an interlocutory or final judgment. The entry of the order of dismissal which is the subject of this appeal is not an interlocutory or final judgment. The order as issued, was without prejudice thereby affording the Plaintiff-Appellant other relief. Remedies are still available to the Plaintiff-Appellant which the Appellant must exhaust before an appeal can properly be taken by the Plaintiff-Appellant.

Brief for Appellee at 3.

■ However, the appellee failed to note a Supreme Court case and several cases from other circuits which have dealt with the issue. These cases have allowed an appeal from an involuntary dismissal without prejudice. *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1, 69 S.Ct. 824, 825 n.1, 93 L.Ed. 1042 (1949); *In re Special April 1977 Grand Jury*, 587 F.2d 889, 892 n.1 (7th Cir. 1978); *Drake v. Southwestern Bell Telephone Co.*, 553 F.2d 1185, 1186 (8th Cir. 1977); *Allied Air Freight, Inc. v. Pan American World Airways, Inc.*, 393 F.2d 441, 444 (2d Cir. 1968), *cert. denied*, 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968); *Rinieri v. News Syndicate Co., Inc.*,

385 F.2d 818, 821 (2d Cir. 1967). *See also* 9 Wright & Miller § 2376 (1971). We find this authority more persuasive than the appellee's brief. Therefore, we hold that a plaintiff is not required to file an amended complaint when her complaint is *involuntarily* dismissed without prejudice. The order dismissing without prejudice, for purposes of appeal when the plaintiff elects not to amend, is a Fed.R.Civ.P. 41(b) adjudication on the merits. Thus, Mrs. Robinson's appeal is properly before us.

■ It is now necessary for us to turn to the complaint to determine whether it states a cause of action. The Federal Rules of Civil Procedure adopted in 1938 favor dispute resolution on substantive issues rather than procedural ones, unless a violation of a due process requirement has occurred. Here, the only point ruled upon by the trial court was whether the complaint stated a cause of action.

Unfortunately, the appellee did not brief the issue of whether Mrs. Robinson stated a cause of action. This failure coupled with the inappropriate motion to dismiss gives this court a problem in disposing of this appeal. We note that in the district court, the appellee filed a brief in support of its motion to dismiss the complaint, which includes the following passage:

> Furthermore, plaintiff alleges that the United States of America for and on behalf of the plaintiff subsequently redeemed subject premises thereby giving the plaintiff an unencumbered title to said property. Plaintiff then alleges that after the subject property was redeemed for her she was wrongfully served with papers and required to move from subject premises on May 7, 1979.

While the complaint suffers many defects, we agree with the statements contained in appellee's brief that appellant's complaint appears to allege that the property was redeemed in her behalf. While we have grave doubts that this in fact occurred, it is not our function to decide factual issues.

The status of this case gives us an opportunity to comment that counsel in cases

such as this could be of much greater assistance to the trial court, and in turn to this court, if a *pro se* complaint such as this were treated more forthrightly. This case might have been resolved promptly had the defendant filed an answer (which could have included all of its motions to dismiss as affirmative defenses) and with the answer filed an appropriate motion for summary judgment with affidavits. The district court could then have dealt with the matter after receiving responsive affidavits from the plaintiff, or after a hearing in which the *pro se* plaintiff could be given an opportunity to express her side of the story. The case could then have proceeded on appeal with a full record and with a minimum of efforts on the part of the parties, counsel, and the courts. Parenthetically, considerable cost would have been saved. Instead, we have a case handled as here, where the appellee files a motion to dismiss which is granted without prejudice. The appellant then takes an appeal and the appellee moves to dismiss it. We are now forced to remand the case because of two procedural motions to dismiss by the appellee when an immediate focusing of the issue by an answer and other pleadings provided by the rules would have enabled a speedy and just disposition of the case.

REVERSED AND REMANDED.