[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 15, 2006
THOMAS K. KAHN
CLERK

No. 06-13131
Non-Argument Calendar
_____

D. C. Docket No. 05-00507-CV-SPM-WCS

DAVID M. BROWN,

Plaintiff-Appellant,

versus

TALLAHASSEE POLICE DEPARTMENT,
OFFICER 1,
Headquarters Tallahassee FL
OFFICER 2,
Headquarters Tallahassee FL,
OFFICER 3,
Headquarters Tallahassee FL,
OFFICER 4,
Headquarters Tallahassee FL,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 15, 2006)

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

David Brown, a pro se non-prisoner, appeals the dismissal without prejudice of his 42 U.S.C. § 1983 civil complaint for failing to file an amended complaint as ordered, name individual defendants, state specific claims for relief, and set forth factual allegations in separate, numbered paragraphs. On appeal, Brown argues that the district court erred in dismissing his complaint and denied him "due and substantial process" because of his status as a pro se litigant proceeding in forma pauperis.

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). The district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983) (citation omitted). The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order. Fed. R. Civ. P. 41(b); Lopez v. Aransas County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978). When a dismissal is without prejudice and plaintiff elects not to amend, for the purposes of appeal the order is a Fed.R.Civ.P. 41(b) adjudication on the merits. Robinson v. Fed. Nat'l Mortgage Ass'n, 673 F.2d 1247, 1249 (11th Cir.

2

1982).  We review a Rule 41(b) dismissal without prejudice for abuse of discretion. Gratton v. Great Am. Communs., 178 F.3d 1373, 1374 (11th Cir. 1999).  Dismissal pursuant to Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Upon review of the record and upon consideration of Brown's brief, we discern no reversible error.  In this case, Brown was informed that failure to comply with the court's order could result in dismissal.  The record indicates that Brown was given two opportunities to amend his complaint according to the court's specific instructions, and that he failed to do so.  Brown failed to name individual defendants and failed to articulate specific claims against those defendants.  Brown also failed to present his factual allegations in separate, numbered paragraphs and included numerous statements unrelated to the incident underlying his cause of action.  Accordingly, because the district court dismissed Brown's complaint without prejudice, the district court did not abuse its discretion. Brown's remaining arguments are without merit.

**AFFIRMED.**