[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2012
JOHN LEY
CLERK

No. 11-13469
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02143-CAP


DONALD G. JONES,

Plaintiff - Appellant,

REBECCA B. DUWELL,

Plaintiff,

versus

COMMONWEALTH LAND TITLE INSURANCE COMPANY,
FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al,
PARISH NATIONAL BANK, et al,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 25, 2012)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Donald G. Jones appeals *pro se* the district court's dismissal without prejudice of his complaint alleging mortgage fraud, insurance fraud, antitrust violations, Racketeer Influenced and Corrupt Organizations Act violations, and violations of the 1964 Civil Rights Act and seeking damages in excess of $8,000,000 and a permanent injunction. Jones's complaint was originally filed in the Superior Court of Fulton County, Georgia, and was removed to federal court. The district court *sua sponte* dismissed Jones's complaint for failure to comply with the court's order to recast his complaint to comply with federal pleading standards. On appeal, Jones challenges federal jurisdiction and the timeliness of removal. He also appeals the district court's dismissal of the complaint and denial of his motion for recusal and resignation of Judge Pannell. We find that removal was timely, that we have jurisdiction over the case, and that the district court did not err when it denied the motion for recusal or dismissed the case.

## I.

We first note that for the purposes of appeal, we treat an order dismissing a case without prejudice for failure to comply with a court order as an adjudication on the merits. *Costello v. United States*, 365 U.S. 265, 286, 81 S. Ct. 534, 545

(1961) (stating that a Rule 41(b) dismissal by the court *sua sponte* for failure to comply with an order should be considered an adjudication on the merits); *Robinson v. Fed. Nat'l Mortg. Ass'n*, 673 F.2d 1247, 1249 (11th Cir. 1982) (holding that "a plaintiff is not required to file an amended complaint when [his] complaint is involuntarily dismissed without prejudice" and that for the purposes of appeal, such a dismissal is a Rule 41(b) adjudication on the merits). The district court dismissed this case without prejudice for failure to follow a court order, according to Civil Local Rule of Practice for the United States District Court of the Northern District of Georgia 41.3(2)(a). We treat this dismissal as an adjudication on the merits, and we may therefore consider this appeal. *Robinson*, 673 F.2d at 1249.

## II.

We review questions of jurisdiction *de novo*. *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006). We review questions of law *de novo*, including a district court's interpretation of the timeliness of removal under 28 U.S.C. § 1446(b). *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008). A district court's determination regarding subject matter jurisdiction in light of the *Rooker-Feldman* doctrine is reviewed *de novo*. *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 (11th Cir. 2001).

3

**A.**

Cases that could have been brought originally in federal court but were filed in state court may be timely removed to federal court. 28 U.S.C. § 1441. Notice of removal must be filed within thirty days after service on the defendant. 28 U.S.C. §1446(b). For multi-defendant litigation in which defendants are served on different days, we have adopted the last-served defendant rule. *Bailey*, 536 F.3d at 1208–09. Under this rule, each defendant has thirty days from the date of formal service of process to file a notice of removal. *Id.* at 1209. Removal by the last-served defendant is proper if all defendants consent to removal, even if the last-served defendant timely removes the case after the expiration of the previously served defendant's thirty-day window to remove. *See Id.* at 1207.

The record reflects that Commonwealth Land Title Insurance Co. ("Commonwealth") was served on May 27, 2011 and Whitney Holding Corporation ("Whitney") and Fidelity National Title Insurance Company ("Fidelity") were served on June 1, 2011. Whitney filed notice of removal on June 30, 2011, and Commonwealth and Fidelity consented to the removal on July 1, 2011. Because the defendants complied with all requirements of removal, including the timing requirements, Jones's complaint was properly removed. *See id.* at 1209.

4

**B.**

Under the Georgia Civil Practice Act, an answer is due within thirty days after service of process, O.C.G.A. § 9-11-12(a), or the case will go into automatic default, O.C.G.A. § 9-11-55(a). A default may be opened as of right within fifteen days of the default upon filing an answer and paying costs. O.C.G.A. § 9-11-55(a). After the expiration of the fifteen-day period, a plaintiff is entitled to a judgment and verdict of default. *Id.* The *Rooker-Feldman* doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198, 1201 (2006)). For this doctrine to bar federal jurisdiction, the prior state court ruling must have been a final or conclusive judgment on the merits. *Nicholson*, 558 F.3d at 1272.

Jones asserts that his July 1, 2011 motion for default summary judgment in the Georgia case—filed the day after Defendant Whitney filed notice of removal, the same day all defendants agreed to removal, and before the expiration of the fifteen-day window—constitutes a state court final judgment unreviewable by the federal courts under the *Rooker-Feldman* doctrine. However, there is nothing in the record that indicates that there was a final or conclusive judgment on the

5

merits in Jones's state court case, and merely filing a default summary judgment motion does not result in the entry of a default judgment. Therefore, the *Rooker-Feldman* doctrine does not preclude federal jurisdiction over this case.

## III.

We review a judge's decision not to recuse himself for an abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam). Recusal is governed by 28 U.S.C. §§ 144 and 455. Under §144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). The facts alleged in the affidavit must show that the bias was personal, not judicial in nature. *United States v. Archbold-Newball*, 554 F.2d 665, 682 (5th Cir. 1977).[1] Under § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test under § 455(a) is

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

"whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

Judge Pannell did not abuse his discretion in denying Jones's motion to recuse. The affidavit filed in support of the § 144 recusal did not sufficiently allege judicial bias because the allegations stemmed only from Jones's disagreement with Judge Pannell's rulings. Such judicial rulings cannot serve as the basis for recusal or cast doubts on impartiality unless Jones establishes pervasive bias and prejudice. *See Archbold-Newball*, 554 F.2d at 682. Jones additionally did not meet the recusal requirements of § 455. While § 455 does not require an affidavit, it does require a showing that the judge's impartiality could be objectively be called into question. Again, Jones's basis for his recusal motion is Judge Pannell's prior rulings against him. Judge Pannell's rulings would not cause a reasonable person to question his impartiality, and we find nothing to suggest that Judge Pannell was actually biased against Jones. Therefore, Judge Pannell did not abuse his discretion when he denied Jones's motion to recuse himself.

**IV.**

7

We review a district court's dismissal for failure to comply with a court order for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a complaint *sua sponte* for failure to prosecute or failure to comply with a court order or the federal rules. *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). After removal, the district court reviewed the complaint and found that it was incomprehensible and did not comply with federal pleading requirements. The district court instructed Jones to recast his complaint in order to make the issues clear and to comply with the federal pleading standards. The court further warned Jones that the failure to do so by July 19, 2011 would result in the case being dismissed. Despite the explicit instruction provided by the court, Jones never recast his complaint but instead filed a motion for reconsideration of the order to recast. On July 22, 2011, the district court denied the motion and dismissed Jones's complaint for his failure to comply with a court order. The district court did not abuse its discretion in dismissing Jones's complaint without prejudice.

**AFFIRMED.**