Michael J. BAKER and Suzie C. Baker, Plaintiffs,

v.

RESIDENTIAL FUNDING COMPANY, LLC, and Orlans Associates, P.C., Defendants.

Case No. 11–15169.

United States District Court, E.D. Michigan, Southern Division.

Aug. 13, 2012.

Justin F. Carter, Orlans Associates, P.C., Troy, MI, for Defendants.

Beatriz H. Coleman, Tila Attorney Group, PLLC, Milan, MI, for Plaintiffs.

### ORDER REMANDING CASE

DAVID M. LAWSON, District Judge.

Plaintiffs Michael and Suzie Baker borrowed $937,500 in 2006 and secured the loan with a mortgage on their house. They defaulted on their payments and the mortgage was foreclosed. The present case is the latest in a series of lawsuits through which the plaintiffs have attempted to stave off eviction, all the while living in the house rent free for the past 5–1/2 years. The case was filed in state court and removed by the defendants on the basis of diversity jurisdiction. One defendant—Orlans Associates, P.C.—shares Michigan citizenship with the plaintiffs, so diversity is not complete. Orlans is the law firm that represented defendant Residential Funding Company, LLC in the foreclosure proceedings. The defendants contend that Orlans was joined fraudulently. Although the law is clear that a law firm cannot be held liable to its client's opponent for its conduct in past litigation, the complaint also includes a claim under the Michigan Collection Practices Act. Law firms seeking to collect a debt for a client are covered by that Act and misrepresentations are actionable thereunder. Because the plaintiffs have stated a colorable claim against the nondiverse defendant, there is

no fraudulent joinder, diversity is not complete, and the case must be remanded.

## I.

This case comes before the Court on a the defendants' motion to dismiss or for summary judgment and the plaintiffs' motion to remand. Both parties have presented materials outside the complaint, and a number of exhibits were attached to the state court complaint. The majority of those materials that were not attached to the complaint were referenced directly in the complaint. The Court has reviewed the pleadings and motion papers and finds that the papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion to dismiss. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2).

The plaintiffs, Michael and Suzie Baker, have resided at the subject property, 5142 N. Territorial Road, Dexter, Michigan, for nine years. On May 15, 2006, the plaintiffs executed a loan for $937,500, secured by a mortgage, with Franklin Financial. Mortgage Electronic Registration Systems is named in the mortgage as the nominee mortgagee. The plaintiffs allege that there is no record that Franklin Financial existed as a California corporation or was registered to do business in Michigan at the time the mortgage and loan were executed and therefore that the mortgage is void.

The plaintiffs failed to make payments on the loan. The complaint alleges that defendant Residential Funding was not the servicer of the mortgage. Defendant Residential Funding relied on an assignment of mortgage dated November 10, 2006 and recorded on December 7, 2006 for its authority to foreclose. The assignment states that MERS assigned its interest in the mortgage to Residential Funding. The plaintiffs allege that the assignment

purported to assign both the mortgage and the note to Residential Funding, but that MERS had no interest in the note. The plaintiffs allege that the assignment was signed by Matthew Favorite, an employee of Residential Funding, as vice president of MERS, despite the fact that Favorite was not authorized to sign on MERS's behalf. The plaintiffs allege that Residential Funding acted in concert with Orlans to initiate the foreclosure, and that Orlans supplied the assignment language despite knowing that MERS held no interest in the note. The plaintiffs allege that Orlans sent a letter to the plaintiffs prior to the sheriff's sale that identified Residential Financial as either the creditor or the servicer, and that the letter was phrased to conceal the actual owner of the note and mortgage in a manner inconsistent with the Fair Debt Collection Practices Act. A sheriff's sale was held on February 27, 2007, and a sheriff's deed was conveyed to Residential Funding. The redemption period expired on February 27, 2008 and the plaintiffs did not redeem the property.

The plaintiffs filed for Chapter 13 bankruptcy, but the case was dismissed on January 24, 2008. The plaintiffs again filed for Chapter 13 bankruptcy on February 12, 2008. The plaintiffs did not list any claim related to the foreclosure or the subject property on their bankruptcy schedules. That action was converted to a Chapter 7 bankruptcy on May 11, 2008 and discharged on August 26, 2008.

In November 2008, Residential Funding filed an action for eviction in Michigan's 14A District Court. Residential Funding and the plaintiffs reached a consent judgment for possession on December 31, 2008.

On March 20, 2009, the plaintiffs filed a complaint in the Washtenaw County, Michigan circuit court against Residential Financial and Homecomings Financial, LLC based on violations of the Michigan Con-

sumer Protection Act. The circuit court granted the defendants' motion for summary disposition on October 27, 2009 based on the plaintiffs' failure to respond to the motion. The plaintiffs filed a motion to vacate that order on November 4, 2009, which was denied on January 20, 2010. The plaintiffs appealed to the Michigan Court of Appeals on February 10, 2010, and the appeal was denied on April 4, 2010 because of defective filings. After a motion for reconsideration, which was granted on June 15, 2010, the Michigan Court of Appeals denied the plaintiffs' appeal on July 26, 2010.

On August 11, 2011, Residential Funding moved for a writ of eviction in the 14A District Court. After engaging counsel, the plaintiffs filed a motion to set aside the consent judgment of possession. The 14A District Court denied the motion on October 26, 2011 on the basis of *res judicata*, relying on the decisions of the Washtenaw County Circuit Court and the Michigan Court of Appeals. The court found that the plaintiffs had the opportunity to raise any counter-claims or evidence suggesting that the foreclosure was wrongful in the eviction action in the 14A District Court and also in the Washtenaw County Circuit Court.

The plaintiffs allege that they did not discover the above facts regarding the assignment of the mortgage until May 2011, after briefs were filed before the Michigan Court of Appeals. The plaintiffs state that on March 31, 2009, Michelle Brown, an employee of Homecoming Financial, LLC, faxed the plaintiffs a copy of a corporate resolution between defendant Residential Funding and MERS, dated December 1, 1999. According to the plaintiffs, this list included all of the individuals authorized to sign on behalf of MERS as of August 23, 2006, but did not include Matthew Favorite. The plaintiffs state that they received a further list of authorized signers on June 1, 2010 that again did not include Matthew Favorite. On December 3, 2010, the plaintiffs received from GMAC a copy of their note with an endorsement in blank from Franklin Financial. Also included in that correspondence was an undated allonage from Franklin Financial to Countrywide Bank, NA. On May 19, 2011, the plaintiffs received another copy of the note from GMAC, which was endorsed to Residential Financial. The plaintiffs allege that the note was endorsed to Residential Financial after December 3, 2010.

On November 15, 2011, the plaintiffs filed the present complaint in the Washtenaw County Circuit Court. The complaint contains ten counts. The first count is titled "The 22nd Circuit Court Lacked Subject Matter Jurisdiction Thereby Depriving its Ruling of Res Judicata Effect." Compl. ¶¶ 24–34. The second count is titled "Defendants Perpetrated a Fraud Upon the 14A District Court and the 22nd Circuit Court Thereby Wrongfully Obtaining a Consent Judgment in Violation of Mich. Comp. Laws 600.2907a." *Id.* ¶¶ 35–82. Count III alleges concert of action. *Id.* ¶¶ 83–85. Count IV seeks quiet title based on violations of Mich. Comp. Laws §§ 600.605 and 600.2932. *Id.* ¶¶ 86–90. Count V alleges wrongful foreclosure based on a failure to comply with the requirements of Mich. Comp. Laws § 600.3204, in that defendant Residential Funding allegedly was not the owner of the note. *Id.* ¶¶ 91–102. The remainder of the counts allege violations of various Michigan statutes, including Mich. Comp. Laws § 565.371 (fraudulent conveyance), § 600.1701 (misconduct and abuse of process), § 600.2907a (encumbering property through recording of a document without lawful cause), § 600.5855 (fraudulent concealment of a claim or identity of person liable), and, against defendant Orlans, § 445.252 (regulation of collection practices). *Id.* ¶¶ 103–113. In their prayer for

relief, the plaintiffs request that all foreclosure proceedings and proceedings for possession be stayed, that a temporary restraining order be entered, that the sheriff's sale and consent judgment in the eviction proceedings be set aside, that the note and mortgage be declared void, and that the plaintiffs be awarded damages. Compl. at 22. The Washtenaw County Circuit Court granted a temporary restraining order against defendant Residential Funding.

The defendants filed a notice of removal on November 23, 2011. The defendants asserted in the notice that defendant Orlans was joined fraudulently and therefore that the lack of complete diversity did not render the removal invalid. The defendants filed a motion to dismiss on December 9, 2011 and a motion for sanctions on January 3, 2012. The plaintiffs responded to these motions on December 28, 2011 and January 16, 2012, respectively. The plaintiffs filed a motion to remand on February 23, 2012, and the defendants responded on February 28, 2012.

## II.

Because the Court cannot rule on the defendants' motions to dismiss and for sanctions if it lacks jurisdiction to hear the action, the Court must address subject matter jurisdiction first. The plaintiffs filed a motion to remand for lack of jurisdiction based on the *Rooker–Feldman* doctrine. That argument is not persuasive. However, the lack of complete diversity leaves the Court with no basis to find jurisdiction to adjudicate the claims.

### A.

The plaintiffs argue that this Court does not have jurisdiction over their claims because their prayer for relief is that the Court set aside the state court's judgment and take other action that could only be taken if the state court's judgment were invalidated. The plaintiffs reason that the *Rooker–Feldman* doctrine establishes that the Court has no jurisdiction to review the prior state court judgment. The defendants disagree. They argue, first, that the *Rooker–Feldman* doctrine does not apply to removed actions. The defendants point to language in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), limiting the doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Id.* at 284, 125 S.Ct. 1517. The defendants argue that because the plaintiffs did not bring the case in federal court, the case does not fall into this category.

The *Rooker–Feldman* doctrine, named after the decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), prohibits federal courts below the United States Supreme Court from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir.2004) (citations omitted). The doctrine stands for the proposition that "the lower federal courts do not have jurisdiction 'over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced."'" *Raymond v. Moyer*, 501 F.3d 548, 550–51 (6th Cir.2007) (quoting *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006), and *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517). The *Rooker–Feldman* doctrine is premised on the notion that only the Supreme Court has jurisdiction to review state court judgments. *See* 28 U.S.C. § 1257.

The *Rooker–Feldman* doctrine, ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil Corp.*, 544 U.S. at 284, 125 S.Ct. 1517. The doctrine has been applied by the Supreme Court only twice—in the two cases that gave the doctrine its name. *Id.* at 283, 125 S.Ct. 1517. Instead, the Supreme Court has directed that most actions should be dealt with on preclusion grounds, rather than jurisdiction. *See id.* at 293, 125 S.Ct. 1517 ("Nor does § 1257 stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir.1993))); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 437 (6th Cir.2006) (holding that "even if the [plaintiff's] independent claim was inextricably linked to the state court decision, preclusion law was the correct solution to challenge the federal claim, not *Rooker–Feldman* ").

■ The defendant's argument that the doctrine only applies to original federal actions is not well-taken. The Sixth Circuit has applied the *Rooker–Feldman* doctrine in cases that have been removed from state court, albeit prior to the decision in *Exxon Mobil. See Anderson v. Charter Tp. of Ypsilanti*, 266 F.3d 487, 492–93 (6th Cir.2001). The Sixth Circuit apparently has not had occasion to address the question of whether *Rooker–Feldman* applies to removed actions since *Exxon Mobil.* Moreover, other circuits routinely have applied *Rooker–Feldman* to removed actions since that decision, although some courts found that the doctrine does not apply for other reasons. *See Jones v. Commonwealth Land Title Ins. Co.*, 459 Fed.Appx. 808, 810 (11th Cir.2012) (finding that *Rooker–Feldman* did not apply because state court judgment was not final); *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 974 (9th Cir.2011) (finding that *Rooker–Feldman* did not apply because there was no final state court judgment); *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193–94 (10th Cir.2010) (finding that *Rooker–Feldman* barred malicious prosecution claims removed from state court); *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 818 (7th Cir.2010) (finding that *Rooker–Feldman* applied to some removed claims). The logic undergirding the *Rooker–Feldman* doctrine— that federal district courts lack jurisdiction to review state court judgments—applies equally in the context of removed actions. The Court is not vested with jurisdiction to review state court judgments—if that is truly what the Court is being asked to do here—simply because it is the defendant, rather than the plaintiff, who has invoked the federal forum. Nor does the language of *Exxon Mobil* compel such a result; the Supreme Court referred only to "cases brought by state court losers," not to "cases brought *in federal court* by state court losers." The plaintiffs' case qualifies as one brought by serial state-court losers, satisfying that requirement.

■ The defendants also argue that even if the Court determines that *Rooker–Feldman* applies to removed actions, the plaintiffs' suit is not one "complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517. The Court agrees. The plaintiffs' claim, at its base, is that the defendants improperly foreclosed upon the subject property. The source of the injury in this case is not the state court judgments, but rather the defendants' allegedly improper actions in foreclosing without a valid assignment of the mortgage and in seeking to evict the plaintiffs from their home on this basis. Although it is true that in order to grant the plaintiffs relief on this claim the Court would be required to "den[y] a legal conclusion that a state court has reached in a case" to which the plaintiffs were party, this alone is not sufficient to demonstrate that the Court lacks jurisdiction. *Exxon Mobil*, 544 U.S. at 293, 125 S.Ct. 1517 (internal quotation omitted). The plaintiffs argue that the 14A District Court should not have entered the consent judgment of possession not because the state court erred, but rather because the defendants perpetrated fraud on that court. The source of the plaintiffs' injury was thus not the state court judgment itself, but rather the defendant's actions that lead to the allegedly inappropriate consent judgment. *See McCormick v. Braverman*, 451 F.3d 382, 392–93 (6th Cir.2006) (finding that claims that "state court judgments were procured by certain Defendants through fraud, misrepresentation, or other improper means" were not barred by *Rooker–Feldman*).

In their complaint, the plaintiffs do not ask this Court to review state court judgments. Instead, they ask that this Court find that the defendant obtained those judgments through fraud. That theory of recovery does not implicate the jurisdictional concerns of the *Rooker–Feldman* doctrine.

### B.

■ Although neither party raises the issue in any of their motions or responses, another jurisdictional issue exists in the case and must be addressed. The case was removed from state court on the basis of diversity jurisdiction, and the complaint raises no federal issues. However, as the defendants acknowledged in their notice of removal, the plaintiffs are Michigan residents and defendant Orlans is a citizen of Michigan. Therefore, complete diversity does not exist in this case. The defendants argue in their notice of removal that defendant Orlans was fraudulently joined to defeat diversity jurisdiction. They argued in their removal notice that there can be no colorable claim against Orlans on the basis of Orlans's representation of Residential Funding during the foreclosure process.

Title 28, section 1441(a) of the United States Code permits defendants in civil actions to remove cases originally filed in state courts to federal district courts where the district court would have had original jurisdiction. The plaintiffs have not alleged a federal cause of action in their complaint; therefore, removal is proper only if this Court would have had original jurisdiction based on diversity of citizenship. It is axiomatic that federal diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir.1992)). Therefore, complete diversity of citizenship must exist "both at the time that the case is commenced and at the time that the notice of removal is filed." *Ibid.* (citing *Easley v.*

*Pettibone Mich. Corp.,* 990 F.2d 905, 908 (6th Cir.1993)).

There is no dispute that defendant Orlans and the plaintiffs are all Michigan citizens for diversity purposes, and therefore complete diversity does not exist. The doctrine of fraudulent joinder, however, constitutes an exception to the complete diversity rule. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome–Duncan, Inc.,* 176 F.3d at 907 (quoting *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir.1992)). Establishing that joinder of a party is "fraudulent" requires no proof of the plaintiff's actual motive. *Ibid.; see also* 16 Moore's Fed. Prac. § 107.14(2)(c) (noting that "[t]he term 'fraudulent joinder' is a bit misleading because it requires neither a showing of fraud nor joinder in one sense"). Rather, the thrust of the inquiry is "whether [the plaintiff] had at least a colorable cause of action against [the non-diverse defendant] in the Michigan state courts." *Jerome–Duncan,* 176 F.3d at 907 (citing *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir.1994)). Federal courts look to state law to determine whether a plaintiff states "a colorable cause of action" against the non-diverse defendant. *Ibid.*

The plaintiffs' claims against Orlans are based on Orlans' conduct as Residential Funding's attorney on the plaintiffs' foreclosure proceedings. The plaintiffs' factual allegations against Orlans—contained in paragraphs 36, 42, 55, and 71 through 81 of the complaint—are that Orlans wrongfully initiated the foreclosure, supplied Residential Funding with language to use in the assignment, conspired with Residential Funding to hide information from the plaintiffs, and sent a misleading demand letter to the plaintiffs prior to the sheriff's sale. All of those actions were taken in connection with Orlans's representation of Residential during the foreclosure process.

■■ It is well-settled under Michigan law that an opposing party cannot pursue a claim against foreclosure counsel under a negligence theory based on an alleged injury suffered as a result of foreclosure proceedings. "Only if the law recognizes a duty to act with due care arising from the relationship of the parties does it subject the defendant to liability for negligent conduct." *Friedman v. Dozorc,* 412 Mich. 1, 22, 312 N.W.2d 585, 591 (1981). The Michigan Supreme Court has declined to find that an attorney's responsibility "to conduct a reasonable investigation prior to bringing an action ... [is] the functional equivalent of a duty of care owed to the client's adversary," determining that "such a duty [is] inconsistent with the basic precepts of the adversary system ... [and] would create an unacceptable conflict of interest which would seriously hamper an attorney's effectiveness as counsel for his client." *Friedman,* 412 Mich. at 22–24, 312 N.W.2d at 591–92; *see also Johnson v. Trott & Trott,* No. 12–10513, 2012 WL 3150954, at *6 (E.D.Mich. Aug. 2, 2012); *Barthlow v. Trott & Trott,* No. 10–11902, 2010 WL 3258362, at *3 (E.D.Mich. Aug. 17, 2010). The concerns underlying that rule plainly bar claims based on the plaintiffs' first three factual allegations, which essentially seek to hold Orlans liable for representing Residential Funding in the foreclosure process.

However, the plaintiffs also bring a claim under the Michigan Collection Practices Act, Mich. Comp. Laws § 445.252, which regulates debt collection practices. The MCPA prohibits "regulated persons," including "[a]n attorney handling claims and collections on behalf of a client and in the attorney's own name," from engaging

in a variety of collection practices. Mich. Comp. Laws § 445.251(g). The plaintiffs allege that defendant Orlans has violated the provisions prohibiting regulated persons from

(b) Using forms or instruments which simulate the appearance of judicial process. . . .

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor or debtor.

(iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

(iv) That accounts have been turned over to innocent purchasers for value.

Mich. Comp. Laws § 445.252(b), (e), (f). Although the plaintiffs state that this claim is addressed to the "fraud perpetrated upon the court," that claim appears to be based on the plaintiffs' fourth set of factual allegations concerning the allegedly misleading demand letter they received from Orlans; that allegation of a communication with the plaintiffs could conceivably be covered under the sections of the MCPA cited in the complaint. The plaintiffs allege that the demand letter is "vague and ambiguous as to the identity of the servicer and creditor of the subject loan," because it alleged that defendant Orlans represented defendant Residential and that defendant Residential was either the creditor or the servicer. Compl. ¶ 72, 73. The plaintiffs also allege that defendant Residential was neither the creditor nor the servicer at the time of the foreclosure. *Id.* ¶¶ 38, 69.

Defendant Orlans certainly is a regulated person under the MCPA. *See Misleh v. Timothy E. Baxter & Associates,* 786 F.Supp.2d 1330, 1335–38 (E.D.Mich.2011). The plaintiffs have alleged that Orlans represented in a communication to them that Residential Funding was either the creditor or servicer of their loan, when in fact, the plaintiffs allege, that was not the case. That qualifies as "an inaccurate, misleading, untrue, or deceptive statement or claim." Mich. Comp. Laws § 445.252(e). And the plaintiffs have alleged that the statement was contained in a demand letter, which qualifies as a "communication to collect a debt." *Ibid.*

The plaintiffs' likelihood of success on this claim may be remote. However, the question is not whether the plaintiffs have alleged a claim that is likely to succeed, but instead "whether [the plaintiff] had at least a colorable cause of action against [the non-diverse defendant] in the Michigan state courts." *Jerome–Duncan,* 176 F.3d at 907 (citing *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994)). The plaintiffs' MCPA claim is a colorable cause of action against defendant Orlans, and fraudulent joinder does not apply.

### III.

The case was removed on the basis of diversity jurisdiction. The plaintiffs' argument that jurisdiction is lacking based on the *Rooker–Feldman* doctrine has no merit. However, because diversity is not complete, the requirements of 28 U.S.C. §§ 1441(a) and 1332(a) have not been satisfied. Therefore, the Court does not have subject matter jurisdiction over the case.

Accordingly, it is **ORDERED** that the plaintiffs' motion to remand [dkt. # 15] is **DENIED.**

It is further **ORDERED** that the case is remanded to the Washtenaw County, Michigan circuit court.

It is further **ORDERED** that the defendants' motions to dismiss [dkt. # 2] and for sanctions [dkt. # 8] are **DISMISSED.**