CHAKRA 5, INC., et al., Plaintiffs,

v.

The CITY OF MIAMI BEACH,
et al., Defendants.

Case No. 13–22421–CIV.

United States District Court,
S.D. Florida.

Sept. 9, 2013.

Andrew Clifford Hall, Samuel Charles Cozzo, Hall Lamb & Hall PA, Miami, FL, for Plaintiffs.

Robert F. Rosenwald, Jr., Miami Beach, FL, for Defendants.

### ORDER

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court for a hearing on August 30, 2013 on Plaintiffs' Motion to Remand ... ("Motion") [ECF No. 18], filed July 30, 2013. The Court has carefully reviewed the Motion, the record, and applicable law.

### BACKGROUND

On May 20, 2013, Plaintiffs filed a Complaint [ECF No. 1–2] in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County, Florida, against the City of Miami Beach (the "City"); and individual Defendants Jose Alberto, Henry Bryant, Chai Footman, Willie Grant, Orlando Gonzalez, Ramon Vasallo, and Vicente Santiesteban (collectively, "Individual Defendants"), alleging violations of 42 U.S.C. section 1983. (*See generally* Compl.). Defendants were served with the Complaint at different times: the City was served with the Complaint on June 10, 2013, and the last Individual Defendant was served on June 21, 2013. (*See* Mot. 4–5). On July 9, 2013, the City filed a Notice of Removal ("Notice") [ECF No. 1], pursuant to 28 U.S.C. section 1441. The City subsequently filed notices of joinder in the removal action from the Individual Defendants. (*See* Mot. 5; *see also* [ECF Nos. 5, 7, 10, 16, 17] ). The last Individual Defendant joined in the removal action on July 30, 2013. (*See* Mot. 5; *see also* [ECF No. 17] ).

In their Motion, Plaintiffs argue the Court should remand this action because Defendants did not timely satisfy the rule of unanimity found in 28 U.S.C. section 1446(b)(2)(A). (*See generally* Mot.). Ac-

cording to Plaintiffs, when defendants are served with the initial pleading at different times, and a later-served defendant files a notice of removal, the earlier-served defendants must submit their consent to removal within thirty days of service of process on the later-served defendant. (*See id.* 6; Reply 4–6 [ECF No. 27]). Thus, Plaintiffs argue, the City was required to obtain the consent of the Individual Defendants prior to July 10, 2013, thirty days after the City received service of the Complaint and the deadline for the City to file its notice of removal under 28 U.S.C. section 1446(b)(2)(B). (*See* Mot. 7). Alternatively, Plaintiffs argue, Defendants needed to satisfy the rule of unanimity prior to July 21, 2013, thirty days after the Complaint was served on the last Individual Defendant and thus the final deadline for seeking removal. (*See id.* 7 n. 2).

In its Response to Plaintiffs' Motion to Remand … ("Response") [ECF No. 26], the City does not deny it had not satisfied the rule of unanimity at the time it filed its Notice.[1] (*See* Resp. 3). Instead, the City argues in 2011 Congress amended 28 U.S.C. section 1446, and these amendments do not explicitly provide that unanimous consent must be achieved prior to the expiration of the thirty days within which a later-served defendant must file a notice of removal. (*See id.* 3–4). According to the City, Congress's decision "not to codify the 30 day time limit that some circuits, including the Eleventh Circuit, had judicially created signifies that Congress meant for a different analysis to apply." (*Id.* 4).

### ANALYSIS

Defendants seeking removal to federal court under 28 U.S.C. section 1441 must do so according to the procedures in 28 U.S.C. section 1446. Prior to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, 125 Stat. 758 (codified in scattered sections of 28 U.S.C.) (the "2011 Amendments"), 28 U.S.C. section 1446(b) provided in relevant part that:

> notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Thus, before the 2011 Amendments, section 1446(b) provided a thirty-day time frame for a defendant to file a notice of removal. In cases involving multiple defendants served at different times, courts were divided on whether a later-served defendant had thirty days to remove from the date it was served or from the date the first defendant was served. *See Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202, 1205 (11th Cir.2008) ("In applying [section 1446(b)] to multi-defendant litigation, courts have split over whether each individual defendant has a right to seek removal within thirty days of receipt of service or whether the appropriate time window for § 1446(b) runs from receipt of service by the first-served defendant only—in other words, whether the 'first-served' or 'last-served'

---

1. The City states "it was diligently attempting to secure the written joinder of the individual defendants, but that the process was laborious and time-consuming due to the fact that five of the seven defendants were incarcerated in various federal prisons throughout Florida." (Resp. 3).

defendant triggers § 1446(b)'s limitations period.") (footnote call numbers omitted).

In construing the thirty-day period of the pre-amendment section 1446(b), the majority of circuits, including the Eleventh Circuit in *Bailey*, adopted a rule allowing the later-served defendant thirty days to remove from the date it was served. *See Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 64–65 (2d Cir.2012) (agreeing with the Third, Eleventh, Eighth, and Sixth Circuits by adopting the later-served defendant rule, and noting that only the Fourth and Fifth Circuits had adopted variations of the first-served defendant rule). In the 2011 Amendments, Congress codified this later-served defendant rule, stating that, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B) (emphasis added). The 2011 Amendments further clarified that if there is more than one defendant, and the defendants are served at different times, when "a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). In effect, a new thirty-day period begins when each defendant receives service.

██ A separate, yet inherently related, rule that applies when there is more than one defendant is the rule of unanimity. This rule, codified in the 2011 Amendments as 28 U.S.C. section 1446(b)(2)(A), requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The specific question posed by the Motion, and not explicitly addressed in section 1446(b)(2)(A), is when this unanimous consent must be obtained. According to

Plaintiffs, an earlier-served defendant must provide its consent prior to the expiration of the thirty-day window within which the later-served defendant must file its notice of removal, consistent with case law predating the 2011 Amendments. According to the City, after the 2011 Amendments there is no longer a time restriction for the earlier-served defendant to provide its consent. The Court is in agreement with the Plaintiffs and determines that circuit precedent is not inconsistent with or overruled by the 2011 Amendments with respect to the deadline for satisfying the rule of unanimity.

In support of its decision to adopt the later-served defendant rule, the Eleventh Circuit in *Bailey* not only recognized that the rule of unanimity would be applied in the context of the later-served defendant rule, but clearly contemplated that the rule of unanimity must be achieved by the time the later-served defendant files its notice of removal. *See Bailey*, 536 F.3d at 1207. The Eleventh Circuit articulated the unanimity rule as requiring "all defendants consent to and join a notice of removal *in order for* [the notice of removal] *to be effective.*" *Id.* (emphasis added) (citing *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir.2001)). Furthermore, according to the Eleventh Circuit:

> [t]he last-served rule is not inconsistent with the rule of unanimity. Earlier-served defendants may choose to join in a later-served defendant's motion or not, therefore preserving the rule that a notice of removal must have the unanimous consent of the defendants. The unanimity rule alone does not command that a first-served defendant's failure to seek removal necessarily waives an unserved defendant's right to seek removal; it only requires that the later-served defendant receive the consent of all then-

served defendants *at the time he files his notice of removal.*

*Id.* (emphasis added).

Cases subsequent to *Bailey* have required the rule of unanimity be satisfied by the expiration of the time allowed for a later-served defendant to file a notice of removal. *See Jones v. Commonwealth Land Title Ins. Co.*, 459 Fed.Appx. 808, 810 (11th Cir.2012) (finding timely removal where last-served defendant, served on June 1, 2011, filed a notice of removal on June 30, 2011, and the remaining defendants consented to the removal on July 1, 2011, noting "[r]emoval by the last-served defendant is proper if all defendants consent to removal" (citing *Bailey*, 536 F.3d at 1207));[2] *Lennar Homes, LLC v. Mid-Continent Cas. Co.*, No. 11–80283–CIV, 2011 WL 2295276, at *2 (S.D.Fla. June 8, 2011) (finding consent to removal was not timely and removal procedurally defective because "[w]hile MCC, the last-served defendant, timely filed its Notice of Removal on March 15, 2011, . . . CSC was required to file evidence of its consent to removal by March 21, 2011, thirty days after MCC was served," but "CSC did not file its Notice of Consent until April 13, 2011.").

Subsequent to the 2011 Amendments, district courts in the Eleventh Circuit have continued to apply the rule of unanimous consent as articulated in *Bailey*. In *Attea v. University of Miami (Miller School of Medicine)*, the court explicitly recognized the 2011 Amendments and stated that Congress's adoption of the last-served defendant rule was "consistent with the Eleventh Circuit's holding in *Bailey*." No. 12–23933–CIV, 2012 WL 6726388, at *1 (S.D.Fla. Dec. 27, 2012). While the *Attea* opinion did not explicitly address whether the changes in federal law were also consistent with circuit precedent regarding the timing for satisfying the rule of unanimity, the court implied as much when it required unanimous consent to the notice of removal within thirty days of service on the last defendant. *See id.* at *2 ("The last-served Defendants . . . were served on November 5, 2012. Accordingly, Defendants had until December 5, 2012 for all Defendants to consent to removal. On that date, when the Quesada Defendants filed their Notice of Consent to Removal, Defendants were unanimous in removing to this Court. Removal was then effective.") (footnote call number omitted). In another case, *Cook v. Bessemer City Board of Education,* the court noted that "[t]he unanimity rule requires that a removing defendant 'receive the consent of all then-served defendants at the time he files his notice of removal.'" No. 2:12–cv–1063–RDP, 2012 WL 4813831, at *3 (N.D.Ala. Oct. 4, 2012) (quoting *Bailey*, 536 F.3d at 1207). The court found defendant's notice of removal was procedurally defective because the removing defendant had not obtained consent from all defendants who had been served up until that point in time. *See id.* at *4. ("Because Defendant Jones had been so served at the time the Board Defendants filed their Notice of Removal, Defendant Jones' consent was required." (citing *Bailey*, 536 F.3d at 1207)).

Requiring the rule of unanimity be satisfied within the same time period in which the last-served defendant may file a notice of removal is not only consistent with circuit precedent, but is also consistent with congressional intent in passing the 2011 Amendments. The House Judiciary Com-

---

**2.** While the decision in *Jones* was issued in 2012—after the 2011 Amendments—it applies the last-served defendant rule pursuant to *Bailey,* not 28 U.S.C. section 1446(b)(2)(B), and makes no mention of the rule of unanimity as codified in 28 U.S.C. section 1446(b)(2)(A). *See Jones,* 459 Fed.Appx. at 810.

mittee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Report") indicates that, in passing the revisions to 28 U.S.C. section 1446, Congress sought primarily to resolve the circuit split with regard to the first-served or later-served defendant rule. *See* H.R. REP. NO. 112–10, at 13–14 (2011), 2011 U.S.C.C.A.N. 576 ("The other provisions of paragraph (b)(2) address the main objective of this part of the statute, namely to eliminate confusion surrounding the timing of removal when defendants are served at different times."). With regard to the rule of unanimity, the Report states that "[n]ew subparagraph (b)(2)(A) codifies the well-established 'rule of unanimity' for cases involving multiple defendants. Under that rule, which is generally traced to the Supreme Court decision in *Chicago, Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 251 [20 S.Ct. 854, 44 L.Ed. 1055] (1900), all defendants who have been properly joined and served must join in or consent to removal." *Id.* at 13. By codifying the "well-established" rule, it appears Congress intended the courts to continue to apply the rule of unanimity in the same manner as had previously been applied.[3]

According to the City, because Congress could have explicitly codified a deadline for satisfying the rule of unanimity, but did not, there is no such deadline. The Court does not agree. Nothing in the Report indicates Congress meant to overhaul judicial precedent and provide an open-ended time-frame for satisfying the unanimous

consent rule. To the contrary, the Report indicates that Congress was concerned with the overall timeliness of a defendant's decision to remove a case to federal court. In the related discussion pertaining to the last-served defendant rule, for example, the Report notes that the adoption of this rule "does not allow an indefinite period for removal." H.R. REP. NO. 112–10, at 14. Furthermore, the City's position is inconsistent with the notion of judicial economy and could lead to a case going to trial in federal court against a later-served defendant before the consent of an earlier-served defendant is ever obtained. In sum, the Court is not persuaded this is, as the City argues, "an open question of law in the Eleventh Circuit" (Resp. 4 n. 3), and declines the City's invitation to conceive of a "different" and "new analysis of the window when earlier served defendants may join in a later served defendant's motion to remand" (Resp. 3–4).

### CONCLUSION

 Applying the rule that the earlier-served defendants must consent before the later-served defendant's deadline to file a notice of removal, the Court finds the City was required to obtain unanimous consent by July 10, 2013. Even if the last-served defendant had filed a notice of removal, which it did not, the deadline for obtaining the consent of all of the defendants would have been July 21, 2013. Defendant's Notice was therefore not effective until July 30, 2013 and is untimely.[4]

---

**3.** It is notable that, in the discussion regarding the codification of the last-served defendant rule, the Report explicitly compares the holding in *Bailey* to holdings of the Fifth and Fourth Circuits, which adopted a first-served defendant rule. *See* H.R. REP. NO. 112–10, at 13–14. Thus, it is likely that Congress was aware of the supporting analysis in *Bailey* and how the rule of unanimity was being applied. In addition, it is relevant that Congress and

the Eleventh Circuit rely on the same Supreme Court case in support of the rule of unanimity. *See Russell Corp.*, 264 F.3d at 1050 ("[F]ederal courts have universally required unanimity of consent in removal cases involving multiple defendants." (citing *Chicago, Rock Island & Pac. Ry. Co.*, 178 U.S. at 248, 20 S.Ct. 854)).

**4.** In its Response, the City also argues that 28 U.S.C. section 1446(b) is subject to equitable

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion **[ECF No. 18]** is **GRANTED.** This case is remanded to the Eleventh Judicial Circuit in and for Miami–Dade County, Florida. The Clerk is instructed to mark this case as **CLOSED.**

tolling (*see* Resp. 5–6), and the "interests of justice and of judicial economy weigh heavily in favor of denial of the motion to remand" (*id.* 2, 6–7). For the reasons stated on the record in open court at the August 30, 2013 hearing, the Court is not persuaded by these arguments.