[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14509
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cv-00020-LGW-BWC

HAKIM ABDULLAH,

Plaintiff-Appellant,

versus

M. BLAQUIERE,
Officer, Camden County Sheriff Department,
individual personal capacity,
MICHAEL H.L. ROBERSON, SR.,
individual personal capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 15, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and EDMONDSON,
Circuit Judges.

PER CURIAM:

Hakim Abdullah, proceeding *pro se*, appeals the district court's dismissal without prejudice[*] of his complaint. He only argues that the district court erred because it allowed the magistrate judge to act beyond his jurisdiction in granting defendant Blaquiere's motion to reopen and extend the time to file an answer, thereby denying Abdullah an entry of default and eventual default judgment against Blaquiere. Abdullah contends that the magistrate judge's act violated Abdullah's due process rights and rendered the district court's dismissal order void.

We review legal issues *de novo*. *Mason v. Allen*, 605 F.3d 1114, 1118 (11th Cir. 2010). The jurisdiction and powers of magistrate judges are set forth in 28 U.S.C. § 636. Specifically,

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A [district] court may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

---

[*] Because Abdullah elected to pursue an appeal rather than to amend his complaint, we have jurisdiction to review the district court's order of dismissal without prejudice. See Robinson v. Fed. Nat'l Mortg. Ass'n, 673 F.2d 1247, 1249 (11th Cir. 1982).

28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a) (providing that magistrate judges may decide "a pretrial matter not dispositive of a party's claim or defense," and if a party timely objects to the magistrate judge's order, the district court will consider the objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law"). In the excepted dispositive matters set forth in § 636(b)(1)(A), a magistrate judge may submit to the district court proposed findings of fact and a recommended disposition. 28 U.S.C. § 636(b)(1)(B). A magistrate judge may also conduct all proceedings in a civil case upon consent of the parties, and "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3), (c).

The district court may, for good cause, extend the time to perform an act: (1) with or without motion or notice, if a request is made before the time expires; or (2) on motion after the time expires "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). If a defendant fails to file an answer or responsive motion "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Then, if the plaintiff's claim is for a sum certain, the clerk upon motion must enter a default judgment for that amount and costs against a defendant who has been defaulted. Fed. R. Civ. P. 55(b)(1). If the plaintiff's claim is not for a sum certain, the plaintiff must move the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "The court may set

3

aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c); *see* Fed. R. Civ. P. 60(b) (providing that district court may grant relief from judgment upon motion because of, among other things, mistake, excusable neglect, newly discovered evidence, or that the judgment is void).

The magistrate judge had jurisdiction to issue the order extending the time for Blaquiere to file an answer. The rules of civil procedure grant the authority to extend an already expired deadline to answer upon a motion asserting excusable neglect. Such a motion to extend time, filed before entry of a default or a default judgment, is a non-dispositive pretrial motion that a magistrate judge may decide. Thus, the magistrate judge had jurisdiction to issue the order, and Abdullah's challenge to the judgment against him is unavailing.

**AFFIRMED.**